UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

JAMES DONGARA, : CASE NO. 1:15-CV-00507
:
      Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 22]
NORFOLK SOUTHERN RAILWAY CO., :
:
      Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff James Dongara sues his employer Defendant Norfolk Southern Railway Company ("Norfolk") for injuries Plaintiff Dongara sustained after allegedly slipping on ice in Defendant's employee parking lot.[1] Defendant moves for summary judgment on Plaintiff's Federal Employers' Liability Act ("FELA") negligence claim.[2] For the following reasons, the Court **DENIES** Defendant's motion.

## I. Background

    Plaintiff Dongara worked as a railroad conductor for Defendant Norfolk.[3] Plaintiff commuted to work in a pickup truck that he would park in Defendant's employee parking lot.[4]

    At 10:15 p.m. on February 11, 2015, Plaintiff parked in the employee parking lot for his 10:30 p.m. shift. As Plaintiff stepped out of the car, he says that he slipped and fell onto his side.[5] Plaintiff claims that he fell because the area outside the driver's side door was covered in ice and

---

[1] Doc. 1.
[2] Doc. 22. Plaintiff responded. Doc. 29. Defendant replied. Doc. 34.
[3] Doc. 29-5 at 76–77.
[4] *Id.* at 50.
[5] *Id.* at 57.

-1-

Case No. 1:15-CV-00507
Gwin, J.

snow. Plaintiff claims that the snow was covering the ice so that he did not realize the ground was icy until it was too late.[6]

The parties agree that Defendant Norfolk took some measures to treat the employee parking lot prior to February 11, 2015. Defendant contracted with a plowing company that would automatically treat the driving lanes of the lot whenever more than one inch of snow fell within a 24-hour period. However, Defendant did not contract with the company to treat the spaces between the parked cars.[7] Defendant Norfolk took no other action to treat the spaces between the parked cars. Plaintiff alleges that this system of plowing the driving lanes but not the spaces between cars caused buildup of ice and snow in the untreated areas of the parking lot.

After his fall, Plaintiff Dongara called his shift manager to report that he had fallen in the lot and that Defendant needed to make the lot safer. Plaintiff says that he did not notify his supervisor that he was injured because Plaintiff did not know the full extent of the harm just after the fall.[8]

Plaintiff then reported for his shift and worked for several hours. During the shift Plaintiff says he began to feel the shoulder he had fallen on tightening. Plaintiff told a coworker about his worsening condition.[9]

Plaintiff Dongara brings this lawsuit under FELA and alleges that Defendant Norfolk negligently failed to provide a reasonably safe workplace. Plaintiff argues that Defendant negligently caused his injuries by failing to treat the built-up ice and snow between employee parking spaces in the lot.

---

[6] *Id.*
[7] Doc. 29-10 at 2 (the plowing company "will not plow or salt within 3 feet from any parked vehicles . . . .").
[8] Doc. 29-5 at 65, 67.
[9] *Id.* at 73.

Case No. 1:15-CV-00507
Gwin, J.

Defendant moves for summary judgment. As explained more fully below, this Court finds that a reasonable jury could find that Defendant was negligent in failing to treat the ice and snow.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[10] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[11] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[12] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[13] But the Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[14]

## III. Discussion

FELA provides, in relevant part, that

> [e]very common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . .[15]

"In light of the remedial purposes underlying the FELA, that Act is to be liberally construed in favor

---

[10] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(a)).
[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[12] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[13] *Id.* at 586.
[14] *Killion*, 761 F.3d at 580. (internal citation omitted).
[15] 45 U.S.C. § 51.

Case No. 1:15-CV-00507
Gwin, J.

of the injured plaintiff."[16]

FELA "requires a railroad company to provide its workers with a 'reasonably safe place in which to work and such protection [against the hazard causing the injury] as would be expected of a person in the exercise of ordinary care under the circumstances.'"[17]

In order to recover damages under FELA, a plaintiff must show that

> [1] that he was injured while in the scope of his employment, [2] which employment is in furtherance of the railroad's interstate transportation business, [3] that his employer was negligent, and [4] that his employer's negligence played some part in causing the injury for which compensation is sought under FELA.[18]

The Court finds sufficient evidence to establish the first two elements of the claim.

The dispute in this case centers on the third element of Plaintiff's FELA claim. To satisfy this element, "a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'"[19] Plaintiff Dongara makes out a prima facie case for negligence on the part of Defendant Norfolk, making summary judgment inappropriate.

**Duty**

"Under FELA, a railroad has a duty to provide its employees with a reasonably safe workplace."[20] However, a railroad's duty is not triggered unless the railroad had actual or

---

[16] *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 806 (6th Cir. 1985) (citing *Sowards v. Chesapeake & Ohio Railway Co.*, 580 F.2d 713, 714 (4th Cir.1978)).

[17] *Borger v. CSX Transp., Inc.*, 571 F.3d 559, 563 (6th Cir. 2009) (quoting *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 807, 810 (6th Cir.1996)).

[18] *Green*, 763 F.2d at 808 (quoting *Sowards*, 580 F.2d at 714).

[19] *Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (quoting *Robert v. Consol. Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987)).

[20] *Van Gorder v. Grand Trunk W. R.R.*, 509 F.3d 265, 269 (6th Cir. 2007).

-4-

Case No. 1:15-CV-00507
Gwin, J.

constructive notice of the potential hazard.[21/]

The record in this case shows that Defendant Norfolk had constructive notice of the slipping hazard stemming from the ice on the untreated portions of the employee parking lot. Defendant contracted with a plowing company to plow and salt the driving lanes of the employee parking lot whenever a sufficient amount of precipitation fell. This suggests that Defendant knew that it needed to treat the lot to provide a safe workplace for its employees.

However, Defendant only treated portions of the lot, leaving other areas consistently untreated. The plowing contract provided that the plowing company was not responsible for treating any areas within three feet of an obstruction, including spaces in between parked cars. Defendant took no other action to treat those areas. For example, Defendant did not manually salt or shovel the areas that were not covered by the contract.

Given the freezing and thawing in the days leading up to Plaintiff's accident,[22/] ice likely formed on the untreated areas of the lot. In order to get to work employees had to step out of their cars or trucks onto an untreated area of the parking lot. Given the facts above, Defendant constructively knew that its failure to treat the spaces in between the parked cars created a slipping hazard. With constructive knowledge of this condition, Defendant owed a duty to Plaintiff Dongara to take reasonable steps to prevent the slipping hazard.

**Breach**

Defendant asserts that no genuine dispute of material fact exists on the issue of breach

---

[21/] *Parente v. Metro. Transp. Auth.*, 2012 WL 1813077, at *3 (S.D.N.Y. May 16, 2012) (citing *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 84–85 (2d Cir.1989)); *see also O'Heron v. CSX Transp., Inc.*, 181 F. Supp. 2d 779, 781 (N.D. Ohio 2001)).

[22/] Doc. 22-4.

Case No. 1:15-CV-00507
Gwin, J.

because Defendant discharged its duty by treating the remainder of the parking lot.

Defendant is correct that it is not absolutely liable to Plaintiff. A railroad does not have "the duty to eliminate all workplace dangers, but only the 'duty of exercising reasonable care to that end.'"[23]

However, the record contains enough evidence for a reasonable jury to find that Defendant breached its duty to Plaintiff by failing to treat the areas of the parking lot between parking spaces. A reasonable jury could conclude that Defendant's omission created an unreasonable risk of harm under the circumstances. A jury could also find that Defendant's failure to eliminate the risks inherent in ice buildup was unreasonable given the likely ease with which Defendant could have salted or shoveled the untreated areas.[24] Therefore, summary judgment on the issue of breach is inappropriate.

**Foreseeability**

Plaintiff also makes out a case that his harms were foreseeable. Plaintiff claims that he slipped on ice that Defendant negligently allowed to accumulate. Common experience shows that ice is slippery and can cause people to fall. Physical injury is a foreseeable consequence of falling to the ground after slipping.[25] Therefore, Plaintiff's harms were foreseeable to Defendant.

**Causation**

Finally, Plaintiff shows sufficient evidence that Defendant's negligence caused Plaintiff's injuries. Without the ice beneath Plaintiff's driver's side door, Plaintiff arguably would not have slipped and hurt himself on his way to work.

---

[23] *Van Gorder*, 509 F.3d at 269 (quoting *Baltimore & Ohio S.W.R. Co. v. Carroll*, 280 U.S. 491, 496 (1930)).
[24] *See O'Heron*, 181 F. Supp. 2d at 780–81 (quoting *Kimbler v. Pittsburgh & L.E.R. Co.*, 331 F.2d 383, 385–86 (3rd Cir.1964)).
[25] *See id.*, at 781.

Case No. 1:15-CV-00507
Gwin, J.

Defendant argues that Plaintiff cannot identify the cause of his injury without speculating.[26] Plaintiff testified that he knew he slipped on ice because of the way he fell and not because he saw the ice directly.[27] A reasonable jury could conclude that Plaintiff Dongara slipped on ice in Defendant's employee parking lot.

Plaintiff makes out a sufficient claim of negligence. Because Plaintiff satisfies the other elements of his FELA claim, summary judgment for Defendant is inappropriate.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: October 20, 2015.　　　　　　　　　　s/　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[26] Doc. 22 at 8.

[27] Defendant argues that the following exchange suggests that ice was not the cause of the fall: "Q. Okay. What did you fall on? A. Ice. Q. How do you know that? A. Because you just -- I slipped on ice. Q. Did you see it? A. No, it was covered with snow . . . . Q. How do you know it was ice? A. Because I slipped." Doc. 29-5 at 55.